CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 17 2014

JULIA DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BARBARA S. RHOADES, ) | |
| ) | Civil Action No. 3:13CV00035 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security

denying plaintiff's claims for disability insurance benefits and supplemental security income benefits

under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq.,

respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This

court's review is limited to a determination as to whether there is substantial evidence to support the

Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such

substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze,

368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant

evidence, considering the record as a whole, as might be found adequate to support a conclusion by a

reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Barbara S. Rhoades, was born on December 18, 1955, and eventually completed her

high school education. Ms. Rhoades has worked as line assembler, home care assistant, spot welder, and

picker/packer. She last worked on a regular basis in 2006. On December 4, 2006, Ms. Rhoades filed

applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged

that she became disabled for all forms of substantial gainful employment on March 15, 2006, due to

primary biliary cirrhosis. She now maintains that she has remained disabled to the present time. As to

her application for disability insurance benefits, the record reveals that Ms. Rhoades met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Ms. Rhoades' claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 20, 2009, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Rhoades suffers from primary biliary cirrhosis, chronic liver disease, and chronic obstructive pulmonary disease. Despite these impairments, the Law Judge ruled that plaintiff retains sufficient functional capacity for a limited range of light work. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except only occasionally performing postural activities including climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling but never climbing ladders, ropes or scaffolds.

(TR 48). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge held that plaintiff retains sufficient functional capacity to perform her past relevant work roles as a line assembler, spot welder, and picker/packer. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(f) and 416.920(f).[1] The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Rhoades has now appealed to this court.

---

[1] In his opinion, the Law Judge incorrectly cited to 20 C.F.R. §§ 404.1520(g) and 416.920(g) as the regulatory provisions which govern plaintiff's case. However, a finding of residual functional capacity for past relevant work implicates 20 C.F.R. §§ 404.1520(f) and 416.920(f).

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Rhoades suffers from symptoms associated with primary biliary cirrhosis, chronic liver disease, and chronic obstructive pulmonary disease. She also experiences depression, anxiety, and musculoskeletal difficulties. Over the years, Ms. Rhoades has been treated for other problems, including diverticulitis, hyperlipidemia, and hypertension. However, there is no indication that her intestinal symptoms, hyperlipidemia, or high blood pressure affect her capacity for work. Likewise, her emotional symptoms appear to be situational in origin. There is no indication that these nonexertional impairments prevent performance of work activity for which Ms. Rhoades is otherwise capable. In short, in terms of her functional capacity, the medical record establishes that plaintiff's liver problems, breathing difficulties, and musculoskeletal limitations are the conditions which impact her vocational capacity.

In denying plaintiff's claims for benefits, the Administrative Law Judge relied on a consultative medical report submitted by Dr. Christopher Newell on September 27, 2007. While Dr. Newell noted that no earlier medical records were provided for his review (TR 344), he conducted a thorough physical

3

examination. Dr. Newell diagnosed primary biliary cirrhosis and lumbar spondylosis. He offered the following functional assessment:

> The number of hours the claimant could stand and walk in an eight-hour workday is about six hours. The number of hours she could sit in an eight-hour workday is about six hours. The amount of weight she could lift/carry on a frequent basis is 10 pounds and on an occasional basis is 20 pounds. She can bend, stoop and squat occasionally. There are no manipulative limitations. There are no visual or communicative limitations.

(TR 347). Based on Dr. Newell's report, Dr. William Amos, a non-examining state agency physician, produced a residual functional capacity evaluation, which the Law Judge adopted in posing hypothetical questions for the vocational expert. Based on these findings, which were clearly extrapolated from Dr. Newell's report, the vocational expert testified that Ms. Rhoades retains sufficient functional capacity to perform several prior work roles such as line assembler, spot welder, and picker/packer. (TR 76).

It appears to the court that the Administrative Law Judge reasonably relied on the findings produced by Dr. Newell after his physical examination. The court believes that Dr. Newell's assessment is consistent with the other medical reports of record. The court also concludes that the Law Judge reasonably relied on the vocational expert's testimony in assessing the requirements of plaintiff's past jobs, and in determining the extent to which her performance of those past work roles would be limited by her physical problems. In the court's view, the vocational expert's assessment of the vocational record, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence in Ms. Rhoades' case. Accordingly, the court concludes that the Law Judge's evaluation of plaintiff's claims is supported by substantial evidence. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, Ms. Rhoades argues that the Law Judge erred in determining that her back problems do not constitute a severe impairment within the meaning of 20 C.F.R. §§ 404.1520(c) and

416.920(c). (TR 41). The court agrees. Without question, Ms. Rhoades suffers from lumbar spondylosis. Based on Dr. Newell's assessment, it is clear that this condition is so severe as to affect plaintiff's capacity to perform basic work-related activities. Under the regulatory framework, if a condition affects a claimant's capacity for basic work-related activities, it is considered to be a severe impairment. See 20 C.F.R. §§ 404.1521 and 416.921. However, the court is unable to conclude that this shortcoming in the Law Judge's opinion is such as to necessitate any additional administrative proceedings in plaintiff's case. Clearly, Dr. Newell considered Ms. Rhoades' back limitations in assessing plaintiff's capacity for work. Stated differently, there is no medical evidence which suggests that plaintiff's severe back problems would prevent performance of the light work roles for which she is otherwise physically capable.

In a second and somewhat related argument, plaintiff maintains that the Law Judge's hypothetical question to the vocational expert was incomplete. However, the court believes that the question put to the vocational expert was consistent with the findings of Dr. Newell and Dr. Amos. There is no medical evidence which would suggest that plaintiff is incapable of performing a limited range of light work activity. Thus, the court concludes that the record supports the Law Judge's finding of residual functional capacity for past work.

In affirming the final decision of the Commissioner, the court does not suggest that Ms. Rhoades is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that she suffers from several serious conditions which can be expected to result in many subjective problems, as described by Ms. Rhoades in her testimony. However, it must again be noted that the only comprehensive medical evaluation in this case specifically supports a finding of residual functional capacity for lighter forms of work activity. No doctor has suggested that plaintiff's physical problems are so severe as to result in totally disabling subjective manifestations. It must be recognized that the inability to do work without

5

any discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This _17th_ day of March, 2014.

Jon Conrad

Chief United States District Judge